UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARK ANTHONY BUSHONG,<br><br>Plaintiff,<br><br>v.<br><br>MONROE COUNTY, TENNESSEE, JAKE KEENER, and JOHN/JANE DOES 1-20,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CV-443-TAV-JEM |

**MEMORANDUM OPINION AND ORDER**

Proceeding pro se, Plaintiff has filed (1) a motion for leave to proceed *in forma pauperis* [Doc. 1]; (2) a complaint under 42 U.S.C. § 1983 [Doc. 2]; (3) an emergency motion for "an expedited records preservation injunction and litigation hold" [Doc. 3]; and (4) a "First Amended Complaint and Supplemental Factual Allegations" [Doc. 6]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion for leave to proceed *in forma pauperis* [Docs. 1], **DENY** Plaintiff's motion for preservation of records [Doc. 3], and **ORDER** Plaintiff to file a single, comprehensive amended complaint.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although the relevant statute

specifically references the "assets such ***prisoner*** possesses," the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). When assessing whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The Court considers all the resources potentially available to the applicant, including those of a spouse or other family members. *See Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (citation omitted).

It appears from the documentation provided that Plaintiff cannot bear the filing fee without undue hardship. Accordingly, the Court will **GRANT** Plaintiff's motion [Doc. 1] for leave to proceed *in forma pauperis*.

## II. PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF

Plaintiff seeks an "[e]mergency [i]njunction and mandatory [l]itigation [h]old ordering Defendant Monroe County, Tennessee, its operational agents, and contracted third-party technology and medical vendors to permanently preserve all electronic records, audit logs, metadata, and audio recordings associated with Plaintiff's 6.5-month confinement from November to May" [Doc. 3, p. 1]. In support of this motion, Plaintiff states he "personally drop-served Evidence Preservation notices directly" on Monroe County's counsel and the Monroe County Department of Finance, "securing wet-ink

signatures and stamps on the record" [*Id.* at 2], and that judicial intervention is required to halt automated recycling schedules on the County's internal server that will otherwise delete or overwrite the "core electronic metadata required to identify individual staff members and prove the scope of the cover-up as the case heads toward the formal statutory tracking deadline on or around November 10th" [*Id.*].

Plaintiff seeks an unnecessary order. Every litigant has a duty to preserve evidence when that party knows or should have known that the evidence may be relevant to pending or future litigation. *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). A party's failure to preserve relevant evidence can lead to sanctions for spoliation. *See Beaven v. U.S. Dep't of Just.*, 622 F.3d 540, 553 (6th Cir. 2010). And because the law imposes on Defendants a duty to preserve the evidence relevant to this case, there is no need for a court order requiring them to do so. Accordingly, Plaintiff's motion [Doc. 3] will be **DENIED** as unnecessary.

## III. REVIEW OF COMPLAINTS

Because Plaintiff is proceeding *in forma pauperis*, this Court must screen his complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B)).").

The Court is unable to conduct the statutorily mandated screening at this time, however, because approximately two weeks after Plaintiff submitted his initial complaint [Doc. 2], he filed an amended complaint [Doc. 6]. Ordinarily, an amended complaint supersedes the original complaint. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.") (citation omitted). But in this case, the amended complaint does not contain all the allegations contained in Plaintiff's initial complaint, and the amended complaint only contains specific factual allegations against one Defendant, Jake Keener [*Compare* Doc. 2 *with* Doc. 6].

This Court's Local Rules require a party seeking to amend a pleading to file a complete proposed amended pleading. *See* E.D. Tenn. L.R. 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion"). And, unless Plaintiff intends to abandon any claims and/or Defendants not specified in his amended complaint, it does not comply with the Court's Local Rules. To Plaintiff's benefit, the Court presumes Plaintiff does not intend to abandon any claims he asserted in his initial complaint. Therefore, he is **ORDERED** to file an amended complaint within 14 days of entry of this Order that contains a plain, short statement of all his claims supported by specific factual detail, the parties responsible, the injuries suffered, and his requested relief. Plaintiff must avoid

conclusory legal statements or arguments in this amended complaint. The Court will **DIRECT** the Clerk to mail Plaintiff a § 1983 form for this purpose.

The Court **NOTIFIES** Plaintiff that it will only address the merits of Plaintiff's claims that relate to his original pleadings. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in this amended complaint any additional claims, and he is advised that the Court will **DISMISS** any such claims. Further, the Court **NOTIFIES** Plaintiff that this amended complaint will be the **sole operative complaint** that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **CAUTIONED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** this action for failure to prosecute and comply with an order of the Court.

The Court **NOTIFIES** Plaintiff that it **WILL NOT** consider any other kind of motion for relief until after the Court has screened the newly amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff's emergency motion [Doc. 3] is **DENIED**;

3. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

4. Plaintiff is **ORDERED** to complete the § 1983 form within fourteen (14) days in accordance with the directives stated above;

5. Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action; and

6. Plaintiff is **ORDERED** to immediately inform the Court of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE